UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID ROURKE           :
                       :
    v.                 :   C.A. No. 09-10S
                       :
STATE OF RHODE ISLAND  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff David Rourke's Motion for Leave to Appeal In Forma Pauperis ("IFP"). (Document No. 19). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

Plaintiff, proceeding *pro se*, has been granted leave to proceed IFP in this action. At the inception of the case, the Court ordered that the Complaint be served upon the Rhode Island Attorney General. Shortly thereafter, however, the District Court more closely reviewed the Complaint and determined that the case required screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, the District Court vacated the Order of Service and referred the matter to this Court for screening. After reviewing the Complaint, I recommended that Plaintiff be given leave to file an Amended Complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

At this point, Plaintiff seeks to appeal the entry of the Text Order that vacated the Order of service upon the Rhode Island Attorney General's Office. Plaintiff's right to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff is attempting to appeal an interlocutory order which vacated an Order of Service upon the Rhode Island Attorney General's Office. The Court's Text Order vacating its Order of Service is not a "final judgment" subject to appeal. A final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The Order which Plaintiff seeks to appeal does not dispose of any portion of Plaintiff's Complaint. Moreover, Plaintiff's attempted appeal does not qualify as an exception to the "final judgment rule" under either the collateral order doctrine or as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The collateral order doctrine permits interlocutory review of orders that are collateral to the rights underlying the action, and which have a "final and irreparable effect on the rights of the parties." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). In this case, the Order Plaintiff seeks to appeal has no final or irreparable effect on the parties. For the same reasons, the Court will not certify the appeal under 28 U.S.C. § 1292(b). Plaintiff has not requested certification to appeal the interlocutory order and none is warranted. Section 1292(b), 28 United States Code, permits appeals from interlocutory orders when the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion,

and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  An interlocutory appeal without § 1292 certification or the aid of the collateral order doctrine has no basis in law.  Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP (Document No. 19).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 7, 2009