UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROURKE | : | |
| | : | |
| v. | : | C.A. No. 09-10S |
| | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

David Rourke ("Plaintiff") filed his *pro se* Complaint and Motion to Proceed In Forma Pauperis ("IFP") on January 8, 2009. (Document Nos. 1 and 2). The Court granted Plaintiff IFP status and is now required by statute to further review Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, rather than recommend dismissal of Plaintiff's Complaint at this time, Plaintiff is granted leave to file an Amended Complaint so that this Court may be better able to understand and then review his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's two-page Complaint is hand-written and, unfortunately, very confusing and poorly organized. According to his IFP Application, Plaintiff is not currently employed, and collects a "VA compensation" check for $2,619.00 a month. Plaintiff avers that he has significant medical bills and that his debts exceed his income. The cover page to his Complaint indicates that his Complaint is for violation of his civil rights. Additionally, although Plaintiff is not currently incarcerated, he

indicates that he is seeking to vacate a state sentence that was imposed decades ago. In the body of his Complaint, he does not list any Defendants to this action, or request any specific form of relief. Instead, as best the Court can surmise, Plaintiff was previously incarcerated at the ACI after he entered into a plea agreement following charges in Rhode Island State Court. Since his release from the ACI, Plaintiff alleges that laws have been passed that have, due to his criminal conviction, restricted him from such things as working in schools or having a VA funeral. Plaintiff apparently challenges the legality of applying these "new" laws to his situation.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § l9l5(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

In reviewing Plaintiff's Complaint, this Court has taken all of his allegations contained therein as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97

(1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are some deficiencies apparent from the face of Plaintiff's Complaint which require consideration before this case may proceed further. These deficiencies are discussed in more detail below.

Although Plaintiff's *pro se* Complaint is held to a less stringent standard than one drafted by a lawyer, his *pro se* status does not excuse him from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). As noted above, Plaintiff's handwritten Complaint is very confusing and vague as to many details. The Complaint does not contain a case caption identifying the Defendants, and it is unclear from the text of the Complaint who Plaintiff is suing and the legal theory of his claim. Plaintiff's Civil Cover Sheet identifies only the "VA Hospital" as a Defendant (Document No. 1-2) on his Complaint but it is unclear what he claims against the VA Hospital. Moreover, the Complaint does not identify the legal basis for this Court's jurisdiction and fails to identify the particular relief sought from this Court.

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the Plaintiff's claim(s); and (3) a demand for judgment, i.e., the damages or other relief sought by plaintiff. One of the primary purposes of Rule 8(a) is to give the defendant(s) and the Court fair notice of the claim being made by a plaintiff. Here, Plaintiff's Complaint clearly fails to comply with Rule 8(a). In addition, Rule 10(a), Fed. R. Civ. P., requires that a complaint include a caption naming all of the parties (including all of the defendants) and that plaintiff's factual

allegations be organized in separately numbered paragraphs. Finally, Rule 10(b), Fed. R. Civ. P. requires that each separate legal claim against a defendant(s) be set forth in a separately numbered "count" or section within the complaint. Plaintiff's Complaint also clearly fails to comply with Rules 10(a) and (b).  See Simpson v. Kingston, No. 04-C-298-C, 2004 WL 1246058 (W.D. Wisc. June 2, 2004) (complaint caption which did "not list any defendants" fails to comply with Rule 10(a)).

**Conclusion**

Giving due deference to Plaintiff's *pro se* status, at this time, this Court will not recommend that the District Court dismiss Plaintiff's Complaint under 28 U.S.C. § 19l5(e)(2)(B). Rather, this Court GRANTS Plaintiff Leave to file an Amended Complaint within thirty (30) days from the date of this Order which complies with the Federal Rules of Civil Procedure. In particular, the Amended Complaint should:

> (1) start with a case caption that lists or identifies all of the defendant(s), that is, the particular party(ies) and/or agency(ies) being sued by Plaintiff in this case, see Fed. R. Civ. P. 10(a);
>
> (2) be titled "Amended Complaint" at the top of the document;
>
> (3) set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs and counts (or sections), see Fed. R. Civ. P. 10(b);
>
> (4) contain a short and plain statement of the legal grounds upon which the federal court's jurisdiction depends, see Fed. R. Civ. P. 8(a)(1);
>
> (5) contain a short and plain statement of the legal claim showing that Plaintiff is entitled to relief, see Fed. R. Civ. P. 8(a)(2); and
>
> (6) contain a demand for judgment specifying the relief which Plaintiff seeks from each named defendant, see Fed. R. Civ. P. 8(a)(3).

This Court will take further action as appropriate under 28 U.S.C. § 1915(e)(2)(B) after reviewing Plaintiff's Amended Complaint. If Plaintiff fails to file an Amended Complaint pursuant to this Order, this Court will recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons discussed above pursuant to 28 U.S.C. § 1915(e)(2)(B).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 7, 2009